IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01579-PAB-STV

PHILIP E. STETZEL,

    Plaintiff,

v.

DEAN WILLIAMS,
CHRISTINA ORTIZ-MARQUEZ,
LAURA BORREGO-GIBBS,
JOSEPH CAWLEY,
LEROY VERNETTI,
LAURA HODER-SHUGART,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 81]. The Recommendation addresses the CDOC Defendants' Rule 12(b)(6) Motion to Dismiss [Docket No. 48]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of plaintiff's termination from the sex offender treatment and monitoring program (the "SOTMP") while incarcerated at the Fremont Correctional Facility of the Colorado Department of Corrections. *See generally* Docket No. 21. The

---

[1] The Court assumes that the allegations in plaintiff's third amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

facts are set forth in the magistrate judge's recommendation, Docket No. 81 at 2-9, and the Court adopts them for the purposes of ruling on the objections.

On June 2, 2020, plaintiff filed suit. *See* Docket No. 1. Plaintiff's third amended complaint brings claims for violations of his procedural and substantive due process rights.[2] *See* Docket No. 21. Defendants filed a motion to dismiss plaintiff's complaint on June 1, 2021. *See* Docket No. 48. Magistrate Judge Varholak issued a recommendation on defendants' motion on January 28, 2022. *See* Docket No. 81. Plaintiff filed an objection, *see* Docket No. 82, and defendants responded to the objection. *See* Docket No. 86.

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[2] The magistrate judge construed plaintiff's claims in this manner, *see* Docket No. 81 at 11, and plaintiff does not dispute this characterization in his objections. *See* Docket No. 82.

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so

3

general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

The magistrate judge recommends granting defendants' motion to dismiss and finding that plaintiff failed to state a claim for a violation of either his procedural or substantive due process rights. Docket No. 81 at 21, 23-25, 29-30.

Plaintiff makes the following objections: (1) the complaint need only provide sufficient information to give defendants notice of the claims against them, Docket No. 82 at 2; (2) discovery will "flesh[] out" his claims, *id.* at 3; (3) qualified immunity only applies to officials being sued in their individual capacities for damages, *id.*; (4) termination from the SOTMP should be appealable because it has severe consequences; *id.* at 4-5; (5) no evidence was presented against plaintiff at the SOTMP termination hearing, which discovery will show, *id.* at 5-6; (6) plaintiff has a liberty interest in parole and pretextual allegations not related to a penological purpose were used to keep him incarcerated, *id.* at 7-12 ; and (7) defendants' behavior "shock[s] the conscience." *Id.* at 13-17.

The Court will overrule each of plaintiff's objections. As to plaintiff's first objection, the magistrate judge used the correct legal standard for determining the sufficiency of a complaint. *See* Docket No. 81 at 9-10. The Court will overrule the first

4

objection. As to the second objection, the magistrate judge accepted as true all of the well-pled facts in plaintiff's third amended complaint. *Id.* at 2 n.2. The purpose of a motion to dismiss is to test the sufficiency of the complaint assuming that the well-pled facts are true; accordingly, discovery is unnecessary at this stage. The Court will overrule the second objection. Plaintiff's third objection is immaterial because the magistrate judge found that plaintiff failed to plausibly allege a violation of his Constitutional rights, and therefore did not address the second prong of the qualified immunity analysis. *Id.* at 11 n.6. Accordingly, the Court will overrule plaintiff's third objection.

The magistrate judge thoroughly addresses plaintiff's arguments in objection four with respect to the right to appeal SOTMP termination. *See id.* at 18-21. The Court agrees with the magistrate judge's analysis and will overrule plaintiff's fourth objection. The magistrate judge also addressed plaintiff's fifth objection, that no evidence was presented against him at the hearing. *See id.* at 23-24. The Court agrees with the magistrate judge's analysis and will overrule plaintiff's fifth objection.

In plaintiff's sixth objection, he argues that the magistrate judge found he lacked a liberty interest in parole and pretextual allegations not related to a penological purpose were used to keep him incarcerated. Docket No. 82 at 7-12. Plaintiff misreads the recommendation. The magistrate judge found that plaintiff had a liberty interest in not being terminated from SOTMP without due process. Docket No. 81 at 17. The remainder of the magistrate judge's analysis flowed from this conclusion. The Court accordingly will overrule this objection.

Plaintiff's seventh objection argues that defendants' behavior "shock[s] the

conscience." Docket No. 82 at 13-17.  The magistrate judge considered the arguments raised by plaintiff and rejected them.  See Docket No. 81 at 27-29.  The Court agrees with the magistrate judge's analysis and will overrule plaintiff's objection.

## IV.  CONCLUSION

For the foregoing reasons, the Court overrules each objection raised by plaintiff. It is therefore

**ORDERED** that Plaintiff's Response to Recommendation of Magistrate Judge [Docket No. 82] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 81] is **ACCEPTED**.  It is further

**ORDERED** that the CDOC Defendant's Rule 12(b)(6) Motion to Dismiss [Docket No. 48] is **GRANTED**.  It is further

**ORDERED** that this case is **DISMISSED with prejudice**.

DATED March 25, 2022.

          BY THE COURT:

          _____
          PHILIP A. BRIMMER
          Chief United States District Judge